IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA HARMON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-1021-RGA |
| DEPARTMENT OF FINANCE, SUSSEX COUNTY, DELAWARE, et al., | : |
| Defendants. | : |

Sandra Harmon, Hartsville, South Carolina. Pro Se Plaintiff.

Kevin J. Connors, Esquire, and Artemio C. Aranilla, II, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

August 19, 2019
Wilmington, Delaware



**ANDREWS, U.S. District Judge:**

Plaintiff Sandra Harmon appears *pro se*. She commenced this lawsuit on July 11, 2018, as a civil Racketeering Influenced and Corrupt Organizations Act ("RICO") action and under 18 U.S.C. §§ 241, 242, which makes criminal certain civil rights violations, and alleges violations of her constitutional rights to due process and equal protection (D.I. 1 at 2). Before the Court is Defendants' motion to dismiss and Plaintiff's motion for summary judgment. (D.I. 7, 13). The matters have been fully briefed. (*See* D.I. 8, 9, 14, 15, 18, 20).

## I. BACKGROUND

Plaintiff alleges Defendants are violating her right to due process and equal protection by "engaging in arbitrary conduct with respect to the selling of [her] property at Sheriff's Sale on June 19, 2018." (D.I. 1 at 2). Plaintiff alleges the property was unlawfully sold and the conduct of Defendant Jason Adkins – counsel for the "Sussex County Administration" -- was discriminatory and racist. (*Id.* at 2-3). Plaintiff alleges that Adkins' conduct and those who support it violated RICO. (*Id.* at 4).

She explains that the Sussex County Department of Finance alleged that she owed about on a sewer and water bill that had been paid in full with a check for about $1,800. (*Id.* at 3). Defendants also alleged Plaintiff owed costs, perhaps of about $8,300 (*see id.* at 3, ¶¶ 8, 10), from a September 14, 2017 demolition. (*Id.*) Plaintiff alleges that the Department added interest to the total cost of demolition and then attempted to seek a judgment for the full cost of the demolition. (*Id.*). She alleges the sale took place without the filing of a complaint, service, or notice to her and the other

1

co-owners of the property. (*Id.*) Plaintiff alleges, "[T]he *Younger* Doctrine does not apply in this case because Defendants failed to file an initial complaint in the Superior Court, so technically there is no case filed, no pending. The S18T-001-002 case number is clearly bogus, and [its] unlawful generation represents racketeering and corruption at the hands of Sussex County Officials." (*Id.* at 4).

Plaintiff seeks to enjoin Adkins "to halt his misconduct, and find him in contempt and in violation of court rules of civil procedure," compensatory damages of $1,000,000, and an order to rescind the Sheriff's sale, among other things. (*Id.* at 4-5). She also requests counsel (*Id.* at 5).

The Court takes judicial notice that on January 12, 2018 (prior to the time Plaintiff commenced this action), the Department of Finance of Sussex County filed a monitions suit against Plaintiff and the other owners for delinquent sewer and water bills and the demolition lien. *Department of Finance of Sussex County v. Harmon Heirs*, Civ. A. No. S18T-01-002 (Del. Super.) at BL-1.[1] Monition was entered on January 18, 2018, and posted on the property on January 23, 2018. *Id.* at BL-6. On May 30, 2018, a notice of the Sheriff's sale was posted at the physical entrance of the property and, on May 31, 2018, Plaintiff and the other property owners were notified by certified mail of a Sheriff's sale of the real estate to take place on June 19, 2018, at 9:30 a.m. *Id.* at BL-16, BL-17, BL-18.

---

[1] The Court has access to the Superior Court docket via Bloomberg Law. "BL" is how Bloomberg Law refers to docket entries.

On June 8, 2018, Plaintiff filed a motion to dismiss and motion for injunctive relief in Civ. A. No. S18T-01-002 alleging violations of her constitutional rights. *Id*. at BL-10. On June 18, 2018, the Superior Court denied the motion and ordered that the sale could proceed as scheduled on June 19 2018. *Id*. at BL-28. A notice of lis pendens was filed on June 19, 2018 and on June 21, 2018, Plaintiff filed a motion to invalidate and to dismiss. *Id*. at BL-30. The property was sold to the highest bidder; Plaintiff filed an objection to the sale, and then an amended notice of objection. *Id*. at BL-35, BL-36, BL-44. On August 9, 2018, Plaintiff filed a motion to dismiss. *Id*. at BL-51. On November 7, 2018, the Superior Court stayed the matter while awaiting resolution of the related federal civil cases Plaintiff had filed here, Civ. No. 17-1817-RGA and the instant case, Civ. No. 18-1021-RGA. *Id*. at BL-51. Plaintiff then filed a petition for a writ of mandamus in the Delaware Supreme Court to compel the Superior Court Judge to dismiss S18T-01-002. *Id*. at BL-53, BL-56. The Delaware Supreme Court dismissed the petition. *Id*. at BL-57. The most recent filings in the Superior Court case are an affidavit of non-redemption filed on June 19, 2019, and an amended writ filed July 11, 2019. *Id*. at BL-59, BL-60.

Defendants move to dismiss on the grounds that the Court must abstain under the *Younger* abstention doctrine because there remains pending an underlying matter in Delaware State Court that continues to be actively litigated on identical or related issues. (D.I. 7). Plaintiff's opposition to the motion does not address the *Younger* abstention doctrine other than to state that it is clearly inapplicable. Instead, she asks

3

the Court to explore the "unclean hands theory" and the "continuing violation theory." (D.I. 8).

## II. LEGAL STANDARDS

*Younger* abstention is not analyzed under either Rule 12(b)(1) or 12(b)(6), *see Knox v. Union Twp. Bd. of Educ.*, 2015 WL 769930, at *5 n.7 (D.N.J. Feb. 23, 2015), but "[d]ismissal on abstention grounds without retention of jurisdiction is in the nature of a dismissal under Fed. R. Civ. P. 12(b)(6)," *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1206 n.18 (3d Cir. 1992). Hence, "courts [in the District of New Jersey] have treated [a motion to dismiss on the basis of] *Younger* abstention as a Rule 12(b)(6) motion to dismiss," *see, e.g., Tobia v. Lakewood Bd. of Educ.*, 2017 WL 1206010, at *3 (D.N.J. Mar. 31, 2017), "in that matters outside of the pleadings are not to be considered," *see Knox*, 2015 WL 769930, at *5 n.7. The Court, however, may take judicial notice of court documents. *Gwynedd Properties, Inc.*, 970 F.2d at 1206 n.18

## III. DISCUSSION

Defendants argue that the Court must abstain because there is a matter that continues to be actively litigated in State Court on identical or related issues. Defendants compare the Complaint in this action, which asserts violations of Plaintiff's constitutional rights, to her motion to dismiss in the state case, Civ. A. No. S18T-01-002, which also asserts violations of her constitutional rights pertaining to the sale of the same property. (*See* D.I. 7 at Ex. B). Once the sale took place, Plaintiff filed an objection, again on the grounds of violations of her right to due process and equal

4

protection, the same claim she raises here. (*Id.* at Ex. D). She later amended the objection. (*Id.* at Ex. F). She filed yet another motion to dismiss, followed by a petition for a writ of mandamus contending that the statutory conditions for a monition sale were not satisfied and that the action was not commenced and prosecuted in accordance with the Superior Court's Rules of Civil Procedure. See Civ. A. No. S18T-01-002 at BL-57. In this case, Plaintiff asks the Court to find Adkins violated the rules of civil procedure during the course of Civ. A. No. S18T-01-002.

Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[2] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until

---

[2] The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings and has been extended to civil cases and state administrative proceedings. *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.³ *Huffman v. Pursue Ltd.*, 420 U.S. at 608.

The Court takes judicial notice that the monition proceeding remains pending in the Superior Court. In additional to compensatory damages, the relief sought by Plaintiff includes injunctive relief to "halt" the misconduct of Adkins.⁴ She also asks the Court to rescind the Sheriff's sale.

The *Younger* elements have been met and none of the its exceptions apply. First, there are pending State court proceedings that directly relate to Plaintiff's dispute. Indeed, Plaintiff raises the same issues when seeking to dismiss Civ. A. No. S18T-01-002 as she does in the instant Complaint. Second, Delaware has an important interest in resolving real estate lien issues and Sheriff's sales, and a ruling in the Superior Court proceeding implicates the important interest of preserving the authority of the state's judicial system. *See, e.g.*, *Gray v. Pagano*, 287 F. App'x 155 (3d Cir. 2008) (court abstained under *Younger* doctrine where plaintiffs sought a declaration that the judge was not authorized to nullify transfer of title and for an order enjoining the sheriff from conducting a sheriff's sale); *Shipley v. New Castle Cty.*, 2008 WL 4330424 (D. Del.

---

³ Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

⁴ The jurisdictional limitation of the Anti-Injunction Act, 28 U.S.C. § 2283, is inapplicable to cases brought pursuant to 42 U.S.C. § 1983. *See Mitchum v. Foster*, 407 U.S. 225 (1972). Plaintiff alleges violations of her constitutional rights, and her Complaint is liberally construed as raising claims under 42 U.S.C. § 1983.

Sept. 19, 2008) (finding real estate tax and lien issue proceedings important state interests under *Younger* doctrine); *Prindable v. Association of Apartment Owners of 2987 Kalakaua*, 304 F. Supp. 2d 1245, 1262 (D. Haw. 2003) (finding foreclosure and ejectment proceedings important state interests under *Younger* doctrine). Finally, Plaintiff has an adequate opportunity to raise her claims in state court, and Delaware courts provide adequate forums for review of her claims. Accordingly, pursuant to *Younger* and its progeny the Court must abstain. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

## IV. CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss and abstain under the *Younger* abstention doctrine (D.I. 7); and (2) dismiss as moot Plaintiff's motion for summary judgment (D.I. 13).[5]

A separate order shall issue.

---

[5] Because the Court must abstain under the *Younger* abstention doctrine, it does not address the merits of Plaintiff's motion for summary judgment.