IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA HARMON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-1021-RGA |
| DEPARTMENT OF FINANCE, SUSSEX COUNTY, DELAWARE, et al., | : |
| Defendants. | : |

**MEMORANDUM**

1. Plaintiff Sandra Harmon appears *pro se*. She commenced this lawsuit alleging Defendants violated her right to due process and equal protection when her private property was sold at a Sheriff's Sale on June 19, 2018. (D.I. 1). On August 20, 2019, the Court granted Defendants' motion to dismiss, abstained under the *Younger* abstention doctrine, and dismissed as moot Plaintiff's motion for summary judgment. (D.I. 23, 24). Plaintiff moves for reconsideration. (D.I. 25). Defendants oppose. Briefing is complete.

2. Plaintiff's basis for reconsideration of the August 20, 2019 Order is that *Younger* abstention is not proper because the instant action relates back to Plaintiff's earlier filing of a related action filed in the United States District Court for the District of South Carolina and removed to this Court in *Harmon v. Sussex County*, Civ. No. 17-1817-RGA.[1] Plaintiff notes that Civ. No. 17-1817-RGA predates a Delaware state

---

[1] The background is set forth in the August 20, 2019 memorandum. (*See* D.I. 23).

1

monition action that denied her motion for a preliminary injunction to prevent a Sheriff's sale scheduled for June 19, 2018 in Sussex County, Delaware. Conversely, Defendants argue that *Younger* is applicable even should this Court consider the commencement of the earlier-filed South Carolina action as predating the state monition action.

3. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or [to] prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

4. The Court has reviewed the filings and its August 20, 2019 memorandum opinion and order. The Court considers the South Carolina removed action separate and apart from this case. As discussed in the August 20, 2019 Memorandum, the record reflects that the monitions action in State Court was filed prior to the time Plaintiff commenced this case. (D.I. 23 at 2). The Court conducted its *Younger* analysis based on when this case was filed.

5. In the alternative, even were the Court to consider this case as a "continuation" of the removed South Carolina action which predated the State monitions proceeding, state action need not predate the federal action for *Younger* abstention to apply. *See Tucker v. Ann Klein Forensic Ctr.*, 174 F. App'x 695, 697 (3d Cir. 2006) (citing *For Your Eyes Alone, Inc. v. City of Columbus, Ga.*, 281 F.3d 1209, 1217 (11th

2

Cir. 2002)). The United States Supreme Court has held that federal courts are to abstain if the state action was commenced "before any proceedings of substance on the merits have taken place in federal court," *Hicks v. Miranda*, 422 U.S. 332, 349 (1975), or if "the federal litigation [is] in an embryonic stage and no contested matter [has] been decided." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975); *see also Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984) (concluding that the federal action should be dismissed in favor of the state action if there have been no "proceedings on the merits . . . in the federal court"). Prior to the abstention and dismissal order, no "proceedings of substance on the merits" took place in this case and, therefore, it was appropriate to dismiss the matter in favor of the state action.

6. The Court finds that based upon the law and the facts, Plaintiff has failed to demonstrate any of the grounds necessary to warrant a reconsideration of the Court's August 20, 2019 memorandum opinion and order where the Court abstained under *Younger* and granted Defendants' motion to dismiss.

7. **Conclusion**. For the above reasons, the Court will deny Plaintiff's motion for reconsideration (D.I. 25). An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____, 2019
Wilmington, Delaware

3