IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA HARMON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-1021-RGA |
| DEPARTMENT OF FINANCE, Sussex County, Delaware, et al., | : |
| Defendants. | : |

Sandra Harmon, Hartsville, South Carolina.   Pro Se Plaintiff.

Kevin J. Connors, Esquire, and Artemio C. Aranilla, II, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware.   Counsel for Defendants.

**MEMORANDUM OPINION**

February 1, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Sandra Harmon appears *pro se*. She commenced this lawsuit on July 11, 2018, under 42 U.S.C. § 1983, alleging Defendants had violated her constitutional rights. (D.I. 1).

**I.   BACKGROUND**

As described by the United States Court of Appeals for the Third Circuit,

> Harmon owned real property in Rehoboth Beach, Delaware. In January 2018, Sussex County commenced a monition action against Harmon to collect delinquent sewer and water bills and costs incurred when it demolished her fire-damaged home. Harmon claims that she paid the sewer and water bills, but that Sussex County and the individual defendants never consulted with her about the demolition costs, failed to give her notice of the monition action, charged excessively high interest on the demolition costs, and sold the property at a sheriff's sale without providing her with a reasonable time to pay the outstanding costs.

(D.I. 41-1 at 2).

On October 30, 2017, prior to the commencement of this action, Plaintiff filed a lawsuit alleging violations of her rights under the First and Fourteenth Amendments to peaceful enjoyment of the Rehoboth Beach property and unlawful tactics by Sussex County government officials. *Harmon v. Sussex Cty.*, Civ. No. 17-1917-RGA (D. Del.). On September 12, 2019, the Court granted Defendants' motion for summary judgment in Civ. No. 17-1917-RGA, and found that there was no evidence of record: (1) to support a plausible inference of selective enforcement of the laws and no evidence that Plaintiff was treated differently from similarly situated individuals; (2) that Plaintiff's substantive and procedural due process rights were violated with regard to the sale of the

Rehoboth Beach property; (3) to support Plaintiff's allegations of a conspiracy to deprive African Americans of their beach property; and (4) that Defendants interfered with the use of the Rehoboth Beach property.  (*Id.* at D.I. 76, 77). Plaintiff appealed, and the United States Court of Appeals for the Third Circuit affirmed the decision on April 8, 2020.  (*Id.* at D.I. 90).

On January 12, 2018, also before this action was commenced, the Sussex County Department of Finance filed a monition action against Plaintiff and the other owners of the Rehoboth Beach property for delinquent sewer and water bills and the demolition lien.  *Department of Finance of Sussex County v. Harmon Heirs*, Civ. A. No. S18T-01-002 (Del. Super.) at BL-1.[1]  On June 8, 2018, Plaintiff filed a motion to dismiss and motion for injunctive relief in the monition action and asserted violations of her constitutional rights. *Id.* at BL-10. Plaintiff sought dismissal on the grounds that Defendants violated her right to due process, there was a dispute over the water and sewer bills, and the county had made no attempt to arrange for payment of demolition costs.  *Id.*  On June 18, 2018, the Superior Court denied the motion and ordered that the sale could proceed as scheduled on June 19, 2018.  *Id.* at BL-28. The Superior Court advised Plaintiff that she could file an objection to the sale should she elect to do so.  *Id.*  The Rehoboth Beach property was subsequently sold at the sheriff's sale.

---

[1] The Court has access to the Superior Court docket via Bloomberg Law.  "BL" is how Bloomberg Law refers to docket entries.

Plaintiff filed this action pursuant to 42 U.S.C. 1983 on July 11, 2018. (D.I. 1). In the instant case, Plaintiff alleges Defendants violated her right to due process and equal protection by "engaging in arbitrary conduct with respect to the selling of [her] property at Sheriff's Sale on June 19, 2018." (D.I. 1 at 2). She alleges the property was unlawfully sold and the conduct of Defendant Jason Adkins - counsel for the "Sussex County Administration" -- was discriminatory, racist, and violates RICO. (*Id.* at 2-4).

On August 10, 2019, the Court granted Defendants' motion to dismiss on the grounds of abstention under *Younger v. Harris*, 401 U.S. 37 (1971). (D.I. 23, 24). Plaintiff appealed and the Court of Appeals vacated the judgment due to the Court's analysis's relying on an outdated understanding of *Younger.* (*See* D.I. 41-1). The Court of Appeals expressed no opinion about whether abstention was appropriate, whether Plaintiff's claims have merit, or whether Defendants have other meritorious defenses. (*Id.* at 4).

The Court now revisits Defendants' motion to dismiss and Plaintiff's motion for summary judgment. (D.I. 7, 13). Defendants move to dismiss on the grounds that the Court must abstain under the *Younger* abstention doctrine because there remains pending an underlying matter in Delaware State Court that continues to be actively litigated on identical or related issues. (D.I. 7). Plaintiff's opposition to the motion does not address the *Younger* abstention doctrine other than to state that it is clearly inapplicable. Instead, she asks the Court to explore the "unclean hands theory" and the "continuing violation theory." (D.I. 8). The Court takes judicial notice that the

4

Superior Court case remains pending and is awaiting resolution.   *See Department of Finance of Sussex Cty. v. Harmon Heirs*, Civ. A. No. S18T-01-002 at BL-67 (Del. Super. June 12, 2020).

## II.   LEGAL STANDARDS

"*Younger* abstention is not analyzed under either Rule 12(b)(1) or 12(b)(6)." *See Knox v. Union Twp. Bd. of Educ.*, 2015 WL 769930, at *5 n.7 (D.N.J. Feb. 23, 2015). "Dismissal on abstention grounds without retention of jurisdiction is in the nature of a dismissal under Fed. R. Civ. P. 12(b)(6)." *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1206 n.18 (3d Cir. 1992).   Thus, "matters outside of the pleadings are not to be considered." *Knox*, 2015 WL 769930, at *5 n.7.   The Court, however, may take judicial notice of court documents.   *Gwynedd Properties,* 970 F.2d at 1206 n.18

## III.   DISCUSSION

### A.   Younger Abstention

Defendants argue that the Court must abstain because there is a matter that continues to be actively litigated in State Court on identical or related issues. Defendants compare the Complaint in this action, which asserts violations of Plaintiff's constitutional rights, to her motion to dismiss in the monition action, which also asserts violations of her constitutional rights pertaining to the sale of the same property.   (*See* D.I. 7 at Ex. B ("Motion to Dismiss this Retaliatory Action and/or Transfer it to the Federal Court Civil Action No.: 1:17 CV 01817 because it is Directly Related to this Action that Affects my Constitutional Rights which I Elect to be Adjudicated in Federal

5

Court")(citing "due process")).   Once the sale took place, Plaintiff filed an objection, again on the grounds of violations of her right to "procedural due process" or "due process of law" and "equal protection" (D.I. 7 at Ex. D), the same claim she raises here. She amended the objection, repeating the same constitutional bases.   (*Id.* at Ex. F). She filed another motion to dismiss.   (*Id.* at Ex. G). That was followed by a petition for a writ of mandamus contending that the statutory conditions for a monition sale were not satisfied and that the action was not commenced and prosecuted in accordance with the Superior Court's Rules of Civil Procedure. *Matter of Harmon*, 198 A.3d 179 (Table), 2018 WL 6332269 (Del. Dec. 3, 2018).

Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.   See *Younger v. Harris*, 401 U.S. 37 (1971).   A *Younger* abstention analysis requires courts to first analyze whether the parallel state action falls within one of three "exceptional" categories: (1) ongoing criminal prosecutions, (2) "certain civil enforcement proceedings," and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions."   *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (cleaned up).

Proceedings in state court fall within the third *Sprint* category when they involve orders "uniquely in furtherance of the state courts' ability to perform their judicial functions*."   Id.* Defendants have not shown that the monition action belongs to one of the categories of proceedings to which *Younger* may apply.   "Because the defendants do not address the threshold question of whether this case falls within any of the three

exceptional categories of cases that may warrant *Younger* abstention, we conclude that they have not shown that the Court should abstain from exercising jurisdiction." *Dowell v. Bayview Loan Servs., LLC*, 2017 WL 9486188, at *9 (M.D. Pa. May 4, 2017).  A monition action is similar to a foreclosure action.  Courts in this Circuit have declined to apply *Younger* abstention when the underlying state action is a foreclosure action, absent a request to enjoin state proceedings because it does not fall into any of the three categories.  *See id*. at *10.  Accordingly, the motion to dismiss based on *Younger* will be denied.

### B. Other Issues

The Court previously dismissed Plaintiff's motion for summary judgment (D.I. 13) as moot. (D.I. 24).   It is no longer moot, but it is premature.   Thus, it will not be revived.

The Court's review of the case in connection with the motion to dismiss suggests that there might be other issues that should be dealt with at an early stage of the case. But they have not been raised by the parties, and the Court will not raise them *sua sponte*.

## IV. CONCLUSION

For the above reasons, the Court will deny Defendants' motion to dismiss   under the *Younger* abstention doctrine. (D.I. 7).   Plaintiff's motion for summary judgment (D.I. 13) remains dismissed.

A separate order shall issue.