IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SANDRA HARMON,

        Plaintiff,

v.  :  Civil Action No. 18-1021-RGA

DEPARTMENT OF FINANCE, SUSSEX
COUNTY, DELAWARE, et al.,

        Defendants.

---

Sandra Harmon, Hartsville, South Carolina. Pro Se Plaintiff.

Kevin J. Connors and Artemio C. Aranilla, II, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 3, 2022
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Sandra Harmon appears *pro se*. She commenced this lawsuit on July 11, 2018. She alleges civil RICO, violations of 18 U.S.C. §§ 241 & 242, and violations of her constitutional rights to due process and equal protection. (D.I. 1). Before the Court is Defendants' renewed motion to dismiss and Plaintiff's amended motion for summary judgment. (D.I. 44, 58). The matters have been fully briefed.

I. **BACKGROUND**

On December 20, 2017, Plaintiff filed an action in this Court against Sussex County and other Sussex County officials. *See Harmon v. Sussex Cty.*, Civ. No. 17-1817-RGA at D.I. 1. The Court liberally construed the Complaint as raising constitutional claims pursuant to 42 U.S.C. § 1983. *Id.* at D.I. 76. The Court takes judicial notice that on January 12, 2018, during the pendency of Civ. No. 17-1817-RGA, and prior to the time Plaintiff commenced this action, the Department of Finance of Sussex County filed a monitions suit against Plaintiff and others for delinquent sewer and water bills and a demolition lien. *Department of Finance of Sussex County v. Harmon Heirs*, Civ. A. No. S18T-01-002 (Del. Super.) at BL-1.[1] Monition was entered on January 18, 2018, and posted on the property on January 23, 2018. *Id.* at BL-6. On May 30, 2018, a notice of Sheriff's sale was posted at the physical entrance of the property and, on May 31, 2018, Plaintiff and the other property owners were notified by certified mail of a Sheriff's sale of the real estate to take place on June 19, 2018, at 9:30 a.m. *Id.* at BL-16, BL-17, BL-18.

---

[1] The Court has access to the Superior Court docket via Bloomberg Law. "BL" is how Bloomberg Law refers to docket entries.

1

On June 8, 2018, Plaintiff filed a motion to dismiss and motion for injunctive relief in Civ. A. No. S18T-01-002 alleging violations of her constitutional rights. *Id.* at BL-10. On June 18, 2018, the Superior Court denied the motion and ordered that the sale could proceed as scheduled on June 19, 2018. *Id.* at BL-28. The property was sold on June 19, 2018 to the highest bidder. *Id.* at BL-36. On June 21, 2018, Plaintiff filed a motion to invalidate and to dismiss. *Id.* at BL-30. Plaintiff filed an objection to the sale, and then an amended notice of objection. *Id.* at BL-35, BL-44.

On July 11, 2018, Plaintiff commenced this action alleging that Defendants are violating her right to due process and equal protection by "engaging in arbitrary conduct with respect to the selling of [her] property at Sheriff['s] Sale on June 19, 2018." (D.I. 1 at 2). Plaintiff alleges the property was unlawfully sold and the conduct of Defendant Attorney Jason Adkins was racist. (*Id.* at 2-3). Plaintiff alleges that Adkins' conduct and "those that support it" run afoul of RICO. (*Id.* at 4).

She explains that the Sussex County Department of Finance alleged that she owed for a sewer and water bill that had been paid in full on June 15, 2018. (*Id.* at 3). Defendants also said Plaintiff owed costs from a September 14, 2017 demolition. (*Id.*) Plaintiff alleges that the Department added interest to the total cost of demolition and then attempted to seek a judgment for the full cost of the demolition. (*Id.*). She alleges the sale took place without the filing of a complaint, service, or notice to her and the other co-owners of the property. (*Id.*) Plaintiff alleges the "S18T-01-002 case number is clearly bogus, and it's unlawful generation represents racketeering and corruption at the hands of Sussex County Officials." (*Id.* at 4).

Plaintiff seeks to enjoin Adkins "to halt his misconduct, and find him in contempt and in violation of court rules of civil procedure," to recover compensatory damages, and to obtain an order rescinding the Sheriff's sale, damages, and costs. (*Id*. at 5). She also requests counsel.[2] (*Id*.).

On August 9, 2018, during the pendency of this action, Plaintiff filed a motion to dismiss in Civ. A. No. S18T-01-002. *Id*. at BL-51. On November 7, 2018, the Superior Court stayed the matter while awaiting resolution of the two related federal civil cases Plaintiff had filed here, that is, Civ. No. 17-1817-RGA, and the instant case, Civ. No. 18-1021-RGA. *Id*. at BL-51. Plaintiff then filed a petition for a writ of mandamus in the Delaware Supreme Court to compel the Superior Court judge to dismiss S18T-01-002. *Id*. at BL-53, BL-56. The Delaware Supreme Court dismissed the petition. *Id*. at BL-57. An affidavit of non-redemption was filed on June 19, 2019, and an amended writ filed July 11, 2019. *Id*. at BL-59, BL-60.

On August 20, 2019, this Court abstained from the instant action under the *Younger* abstention doctrine. (D.I. 23, 24). Plaintiff appealed, and the United States Court of Appeals for the Third Circuit vacated the abstention order and remanded the matter. *See Harmon v. Department of Fin.*, 811 F. App'x 156 (3d Cir. 2020).

On September 12, 2019, this Court granted summary judgment in favor of Defendants and against Plaintiff in Civ. No. 17-1817-RGA. *See Harmon v. Sussex*

---

[2] Pursuant to 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is *proceeding in forma pauperis*. Plaintiff has never sought *in forma pauperis* status, and she paid the filing fee. She does not qualify for counsel under § 1915.

*Cty.*, Civ. No. 17-1817-RGA at D.I. 76, 77. The Court found that the record did not support a finding of a violation of Plaintiff's rights to equal protection and due process,[3] that there was a conspiracy to deprive African Americans of their property, or that Defendants interfered in the use of the property at issue. *Id.* at D.I. 76 at 8-20. Plaintiff appealed and the United States Court of Appeals for the Third Circuit affirmed the judgment on April 8, 2020. *Harmon v. Sussex Cty.*, 810 F. App'x 139 (3d Cir. 2020).

On April 22, 2020, Plaintiff filed a motion to lift stay and proceed with a hearing on the notice of objection to Sheriff's sale in the Superior Court case. Civ. A. No. S18T-01-002 at BL-61. On June 12, 2020, the Superior Court entered an order that denied the motion to lift the stay observing that there remained a pending federal case and, in both the state and federal actions, Plaintiff argues the monition procedures used were wrong. *Id.* at BL-67.

On February 2, 2021, this Court revisited the issue of abstention in the instant case and determined that the underlying state action did not fall into any of the categories required for this Court to abstain; the Court therefore denied Defendants' motion to dismiss under the *Younger* abstention doctrine. (D.I. 42, 43). On February 9, 2021, Plaintiff filed a notice of appeal due to an administrative error that closed the case. (D.I. 48, 51).

---

[3] At summary judgment, Plaintiff argued that Defendants unlawfully took her property and sold it at a Sheriff's Sale and that Defendants arbitrarily and capriciously applied rules, procedures, and policies, all in violation of her right to due process. Plaintiff did not raise this claim in her complaint and it was not considered. *See* No. 17-1817, D.I. 76 at 13 n.10.

On February 16, 2021, Defendants filed a renewed motion to dismiss under the *Younger* abstention doctrine. (D.I. 44). Defendants also sought dismissal for failure to state a claim upon which relief can be granted and for failure to join an indispensable party. (D.I. 46). On March 11, 2021, the Court dismissed the renewed motion to dismiss (D.I. 44) without prejudice and leave to refile when the appeal was no longer pending. (D.I. 54) The appeal was dismissed on June 9, 2021 for lack of appellate jurisdiction. (D.I. 55). Following the appeal's dismissal, the parties treated the motion to dismiss (D.I. 44) as having been renewed. On June 16, 2021, Plaintiff filed a response to the motion to dismiss and, on the same day, she filed an amended motion for summary judgment. (D.I. 56, 58). In turn, Defendants filed a reply brief in support of the motion to dismiss and an opposition to Plaintiff's motion for summary judgment. (D.I. 60, 63). Plaintiff filed additional oppositions to the motion to dismiss and a reply brief in support of her motion for summary judgment. (D.I. 62, 65, 66, 72).

Defendants move to dismiss under Rule 12(b)(6) by reason of collateral estoppel and res judicata. (D.I. 44). They also move to dismiss pursuant to Rule 12(b)(7) for failure to join an indispensable party. Plaintiff moves for summary judgment. (D.I. 58). The Court turns to the case dispositive issue of res judicata.

## II. LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

5

lawyers." *Id.* A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

> In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint,

> matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is "integral to or explicitly relied upon in the complaint." The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered.

*Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted).

## III. DISCUSSION

Defendants argue that res judicata (also called claim preclusion) precludes the claims raised by Plaintiff. Res judicata "prevents parties from raising issues that could have been raised and decided in a prior action--even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, __U.S.__, 140 S. Ct. 1589, 1594 (2020); *see also Beasley v. Howard*, 14 F.4th 226, 231–32 (3d Cir. 2021) (res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought).

"If a later suit advances the same claim as an earlier suit between the same parties [or their privies], the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Lucky Brand Dungarees, Inc.*, 140 S. Ct. at 1594-95 (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). A party seeking to invoke the res judicata doctrine must demonstrate that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Duhaney v. Attorney Gen. of the U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). When analyzing whether the elements

7

have been met, the court does "not apply this conceptual test mechanically, but focuses on the central purpose of the doctrine, to require a plaintiff to present all claims arising out of the same occurrence in a single suit." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014). This avoids piecemeal litigation and conserves judicial resources. *Id.*

The Court takes "a broad view of what constitutes the same cause of action and that res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." *Id*. (cleaned up). When analyzing "essential similarity," several factors are considered: "(1) whether the acts complained of and the demand for relief are the same; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same; and (4) whether the material facts alleged are the same." *See id*. (cleaned up).

Defendants argues that in the two cases Plaintiff filed in this Court – Civ. No. 17-1817-RGA and Civ. No. 18-1021-RGA, Plaintiff named Sussex County, Delaware, as a defendant. Plaintiff named "Sussex County State of Delaware Administration" in Civ. No. 17-1817, and she named "Department of Finance, Sussex County, De." in Civ. No. 18-1021. In Defendants' view they are "functionally the same party" since "the Office of Finance is a subdivision of the County Department of Administration," citing 9 Del. C § 1371, and because both are subdivisions of Sussex County; "they are not separate entities for purposes of suit." (D.I. 46 at 15-16, citing *Breitigan v. State of Delaware*, 2003 WL 21663676, at *2 (D. Del. July 16, 2003)).

Defendants contend that all the elements of res judicata are met. There was a final judgment on the merits in Civ. No. 17-1817-RGA, Plaintiff sued the same

government party, and this cause of action is the same as that asserted in Civ. No. 17-1817-RGA. (*Id.* at 16). Defendants argue that in each case, Plaintiff argued that the actions taken against her in connection with the demolition of her home violated the law and violated her constitutional rights and, thus, the claims are barred by res judicata. (*Id.*).

Plaintiff responds that when she filed the first action, Civ. No. 17-1817-RGA, she had no knowledge that a monition existed and found out about it while litigating the case. (D.I. 56 at 2, 21). She explains she "realized that [she] had to file another claim in federal court, as a result of the unlawful action that culminated into a monition, that was not mentioned nor included" in Civ. No. 17-1817-RGA. (*Id.* at 2). Plaintiff's opposition contains bald statements of foul play, fraud, misconduct, and criminal actions. (*Id.* at 2-4). She argues the monition action was improper, and the lien on the property at issue was improperly filed. (*Id.*).

Plaintiff's claims are barred by res judicata. There was a final judgment on the merits in Civ. No. 17-1817-RGA. That case involves the same parties or their privies as those in the instant case. In addition, there is essential similarity of the underlying events that give rise the Plaintiff's claims. In both actions Plaintiff complains of the unlawful taking of property and seeks the return of her property as well as compensatory damages in addition to numerous other requests for relief. In both actions Plaintiff alleges violations of her right to due process and equal protection and the wrongful taking of property based upon her race. The witnesses and documents necessary at trial are essentially same, as they all concern the acts that resulted in the demolition of the property at issue and a Sheriff's sale of the property. Finally, the

material facts alleged are the same, again all concerning monies owed to Sussex County, a lien on the property, and taking of the property.

Plaintiff argues that she was unaware of the monition action when she commenced Civ. No. 17-1817-RGA.  That's true, but that's not the point. The Court takes judicial notice that on May 31, 2018, Plaintiff was notified by certified mail that a Sheriff's Sale would take place on June 19, 2018 at 9:30 a.m.; that on June 21, 2018, Plaintiff filed a motion to invalidate and dismiss; and on July 7, 2018 a letter from the presiding Superior Court Judge was docketed that dismissed Plaintiff's motions as moot.  She attached to the complaint in this case "Docket Report Results" for Case ID S18T-01-002, which is described as being filed on January 12, 2018, and, in fairly large capital letters as its "type" being "MONITIONS JUDGMENT."  (D.I. 1 at 10 of 14).  It is clear from Plaintiff's filings in the Superior Court and in this case that early on and before she commenced the instant action on July 11, 2018, Plaintiff had knowledge of the monitions action. The claims in this case could easily have been included in Civ. No. 17-1817-RGA.  Yet the docket for Civ. No. 17-1817-RGA does not indicate that at any time Plaintiff sought to amend the complaint.  The judgment in Civ. No. 17-1817-RGA prevents litigation of the instant case.

Accordingly, the Court will grant Defendants' motion to dismiss on the grounds of res judicata.[4]

---

[4] The Court will not address the other grounds for dismissal since dismissal is appropriate by reason of res judicata.  Nor does the Court address the merits of Plaintiff's amended motion for summary judgment as it is moot.

## IV. CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' renewed motion to dismiss; and (2) dismiss as moot Plaintiff's amended motion for summary judgment.

A separate order shall issue.