IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SANDRA HARMON,

        Plaintiff,

v.                                Civil Action No. 18-1021-RGA

DEPARTMENT OF FINANCE, SUSSEX
COUNTY, DELAWARE, et al.,

        Defendants.

---

Sandra Harmon, Hartsville, South Carolina. Pro Se Plaintiff.

Kevin J. Connors, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

May 24, 2023
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Sandra Harmon appears *pro se*. She commenced this lawsuit on July 11, 2018. She alleges violations of 18 U.S.C. §§ 241 & 242, and her constitutional rights to due process and equal protection, and brings claims for a civil RICO violation and for intentional infliction of emotional distress. (D.I. 1). Before the Court is Plaintiff's amended motion for summary judgment and Defendants' renewed motion to dismiss. (D.I. 85, 87).[1] The matters have been fully briefed.

I. **BACKGROUND**

On December 20, 2017, Plaintiff filed an action in this Court against Sussex County and other Sussex County officials. *See Harmon v. Sussex Cty.*, Civ. No. 17-1817-RGA at D.I. 1. The Court liberally construed the Complaint as raising constitutional claims pursuant to 42 U.S.C. § 1983. *Id.* at D.I. 76. The Court takes judicial notice that on January 12, 2018, during the pendency of Civ. No. 17-1817-RGA, and prior to the time Plaintiff commenced this action, the Department of Finance of Sussex County filed a monition action against Plaintiff and others for delinquent sewer and water bills and a demolition lien (the "Monition Action"). *See Department of Finance of Sussex County v. Harmon Heirs*, Civ. A. No. S18T-01-002 (Del. Super.) at BL-1.[2] A monition writ was entered on January 18, 2018, and posted on the property on January 23, 2018. *Id.* at BL-6. On May 30, 2018, a notice of Sheriff's sale was posted

---

[1] Plaintiff's motion for leave to file an amended motion for summary judgment (D.I. 84) and motion for leave to amend the appendix (D.I. 95) will be granted. Defendants' motion for leave to file a reply brief out of time (D.I. 97) will be dismissed as moot because the two issues Defendants seek to clarify are clearly presented in the record.

[2] The Court has access to the Superior Court docket via Bloomberg Law. "BL" is how Bloomberg Law refers to docket entries.

1

at the physical entrance of the property and, on May 31, 2018, Plaintiff and the other property owners were notified by certified mail of a Sheriff's sale of the real estate to take place on June 19, 2018, at 9:30 a.m. *Id.* at BL-16, BL-17, BL-18.

On June 8, 2018, Plaintiff filed a motion to dismiss and motion for injunctive relief in the Monition Action, alleging violations of her constitutional rights. *Id.* at BL-10. On June 18, 2018, the Superior Court denied the motion and ordered that the sale could proceed as scheduled, noting that Plaintiff could file any objection to the sale within a month of the sale date. *Id.* at BL-28. On June 19, 2018, the property was sold to the highest bidder, Wayne Hudson. *Id.* at BL-36. On June 21, 2018, Plaintiff filed a motion to invalidate and to dismiss. *Id.* at BL-30. The Superior Court denied the motion to invalidate and dismiss as moot on July 6, 2018, but again noted that Plaintiff could file an objection to the sale on or before July 19, 2018. *Id.* at BL-34. On July 12, 2018, Plaintiff filed an objection to the sale, and then filed an amended notice of objection on August 7, 2018. *Id.* at BL-35, BL-44.

On August 9, 2018, during the pendency of this action, Plaintiff filed a motion to dismiss in the Monition Action. *See* Civ. A. No. S18T-01-002 at BL-45. On September 27, 2018, Defendant Adkins, who had been the sole counsel of record for Sussex County in the Monition Action, withdrew from representing Sussex County and was replaced by other attorneys. *Id.* at BL-47.

On November 7, 2018, the Superior Court stayed the Monition Action while awaiting resolution of the two related federal civil cases Plaintiff had filed here, that is, Civ. No. 17-1817-RGA, and the instant case, Civ. No. 18-1021-RGA. *Id.* at BL-51. Plaintiff then filed a petition for a writ of mandamus in the Delaware Supreme Court to

compel the Superior Court judge to dismiss the Monition Action. *Id.* at BL-53, BL-56. The Delaware Supreme Court dismissed the petition. *Id.* at BL-57. An affidavit of non-redemption was filed on June 19, 2019, and an amended writ filed July 11, 2019, which stated that, in addition to Wayne Hudson, Robert Downes and David Downes also purchased the property at the Sheriff's sale. *Id.* at BL-59, BL-60.

On July 11, 2018, Plaintiff commenced this action, alleging that Defendants are violating her right to due process and equal protection by "engaging in arbitrary conduct with respect to the selling of [her] property at Sheriff['s] Sale on June 19, 2018." (D.I. 1 at 2). Plaintiff alleges the property was unlawfully sold and the conduct of Defendant Attorney Jason Adkins was racist. (*Id.* at 2-3). Plaintiff alleges that Adkins' conduct and "those that support it" run afoul of RICO. (*Id.* at 4).

She explains that the Sussex County Department of Finance alleged that she owed for a sewer and water bill that had been paid in full on June 15, 2018. (*Id.* at 3). Defendants also said Plaintiff owed costs from a September 14, 2017 demolition. (*Id.*) Plaintiff alleges that the Department added interest to the total cost of demolition and then attempted to seek a judgment for the full cost of the demolition. (*Id.*). She alleges the sale took place without the filing of a complaint, service, or notice to her and the other co-owners of the property. (*Id.*) Plaintiff alleges the Monition Action "is clearly bogus, and [its] unlawful generation represents racketeering and corruption at the hands of Sussex County Officials." (*Id.* at 4).

Plaintiff seeks to enjoin Adkins "to halt his misconduct, and find him in contempt and in violation of court rules of civil procedure," to recover compensatory damages, and to obtain an order rescinding the Sheriff's sale, damages, and costs. (*Id.* at 5).

On August 20, 2019, this Court abstained from the instant action under the *Younger* abstention doctrine. (D.I. 23, 24). Plaintiff appealed, and the Third Circuit vacated the abstention order and remanded the matter, holding that there were additional factors this Court needed to consider before abstaining. *See Harmon v. Department of Fin.*, 811 F. App'x 156 (3d Cir. 2020).

On September 12, 2019, this Court granted summary judgment in favor of Defendants and against Plaintiff in Civ. No. 17-1817-RGA. *See Harmon v. Sussex Cty.*, Civ. No. 17-1817-RGA at D.I. 76, 77. The Court found that the record did not support a finding of a violation of Plaintiff's rights to equal protection and due process, that there was a conspiracy to deprive African Americans of their property, or that Defendants interfered in the use of the property at issue. *Id.* at D.I. 76 at 8-20. Plaintiff appealed and the Third Circuit affirmed the judgment on April 8, 2020. *Harmon v. Sussex Cty.*, 810 F. App'x 139 (3d Cir. 2020).

On April 22, 2020, Plaintiff filed a motion to lift stay and proceed with a hearing on the notice of objection to Sheriff's sale in the Monition Action. *See* Civ. A. No. S18T-01-002 at BL-61. On June 12, 2020, the Superior Court entered an order that denied the motion to lift the stay. *Id.* at BL-67. The Superior Court observed that there remained a pending federal case, that the issues that would be considered in the federal case would affect the Superior Court's approach, and that, in both the state and federal actions, Plaintiff was arguing that the monition procedures used were wrong. *Id.*

On September 10, 2020, Lefton Harmon, who is Plaintiff's brother-in-law and co-owned the property with her, filed a counseled petition for release of unclaimed proceeds, seeking to recover his half of the proceeds from the Sheriff's sale. *See*

*Harmon v. Sheriff of Sussex County*, Civ. A. No. S20M-09-016 (Del. Super.) at BL-1. On October 6, 2020, the Superior Court issued an order directing the Sussex County Prothonotary to release funds in the amount of $44,326.44, plus interest, to the law firm representing Lefton. *Id.* at BL-7. The disbursement was processed the following day and the case was marked closed. (D.I. 89 at 90).

On February 2, 2021, this Court revisited the issue of abstention in the instant case and determined that the underlying state action did not fall into any of the categories required for this Court to abstain. The Court therefore denied Defendants' motion to dismiss under the *Younger* abstention doctrine. (D.I. 42, 43).

Defendants thereafter filed a renewed motion to dismiss, arguing for dismissal under Rule 12(b)(6) by reason of *res judicata*; dismissal under Rule 12(b)(7) for failure to join indispensable parties; and renewing their request to dismiss under the *Younger* abstention doctrine, essentially asking this Court to reconsider its post-remand denial of their previous motion to dismiss under *Younger*. (D.I. 44, 46). Plaintiff filed a motion for summary judgment. (D.I. 58). This Court granted the renewed motion to dismiss, addressing only the *res judicata* argument, dismissed Plaintiff's motion for summary judgment as moot, and dismissed the case. (D.I. 69, 70). Plaintiff again appealed, and the Third Circuit again vacated the dismissal and remanded the matter, holding that this Court erred by relying in the *res judicata* analysis on events post-dating the filing of the initial complaint. *See Harmon v. Department of Fin.*, 2022 WL 17591455 (3d Cir. Dec. 13, 2022).

Defendants now again move to dismiss under Rule 12(b)(7) for failure to join indispensable parties, and again renew their request to dismiss based on *Younger* abstention. (D.I. 87). Plaintiff has filed a motion for summary judgment. (D.I. 85).

## II. LEGAL STANDARDS

### A. Necessary and Indispensable Parties

Pursuant to Rule 12(b)(7), a party may seek dismissal for failure to join a party under Rule 19. *See* Fed. R. Civ. P. 12(b)(7). In deciding whether to grant such a dismissal, the Court must first determine whether the party is a necessary party under Rule 19(a). *See Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). If the party is necessary under Rule 19(a), the party must be joined, if joinder is feasible. If joinder is necessary, but infeasible, the Court must then determine whether the party is "indispensable" under Rule 19(b). If an absent party is indispensable, the Court must dismiss the action. *See id.* at 312. The movant bears the burden of establishing that dismissal is appropriate based on the failure to join an indispensable party. *See Disabled in Action of Pa. v. SEPTA*, 635 F.3d 87, 97 (3d Cir. 2011).

### B. *Younger* Abstention

"*Younger* abstention is not analyzed under either Rule 12(b)(1) or 12(b)(6)." *Knox v. Union Twp. Bd. of Educ.*, 2015 WL 769930, at *5 n.7 (D.N.J. Feb. 23, 2015). "Dismissal on abstention grounds without retention of jurisdiction is in the nature of a dismissal under Fed. R. Civ. P. 12(b)(6)." *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1206 n.18 (3d Cir. 1992). Thus, "matters outside of the pleadings

6

are not to be considered." *Knox*, 2015 WL 769930, at *5 n.7. The Court, however, may take judicial notice of court documents. *Gwynedd Properties*, 970 F.2d at 1206 n.18.

## III. DISCUSSION

### A. Motion to Dismiss

#### 1. Necessary and Indispensable Parties

Defendants argue that this Court should dismiss the Complaint under Rule 12(b)(7) for failure to join necessary and indispensable parties. A party is necessary if, in the absence of the party, (1) complete relief cannot be afforded to the present parties, (2) the disposition of the action would impair the party's ability to protect its own interest, or (3) any of the present parties would be subject to a substantial risk of multiple or inconsistent obligations. *See* Fed. R. Civ. P. 19(a). Defendants argue that Lefton Harmon, as the prior co-owner of the property, and Wayne D. Hudson, Robert J. Downes and David R. Downes, as the purchasers of the property at the Sheriff's sale, are necessary parties. As noted, Plaintiff requests rescission of the Sheriff's sale of the property. Defendants argue that this Court cannot rescind the Sheriff's sale without the presence of the individuals who purchased the property at that sale, or Mr. Harmon, who received over $44,000 in proceeds from the sale, via a disbursement to the law firm representing him in that court, as reflected on the Superior Court docket.[3] Accordingly, Defendants argue that the Court cannot grant "complete relief" to Plaintiff without the

---

[3] In a sworn statement filed with this Court, Mr. Harmon asserts that he did not personally receive the disbursement. (D.I. 94). Accepting this assertion as true, the Superior Court docket still unequivocally indicates that the funds were disbursed to the law firm representing Mr. Harmon. Accordingly, his lack of personal receipt of the funds is irrelevant to determining whether he is a necessary party to this litigation.

presence of these individuals, which by definition makes them necessary parties. *See* Fed. R. Civ. P. 19(a)(1)(A).

Defendants are correct that this Court would not be able to rescind the Sheriff's sale without the presence in this action of the purchasers of the property and an individual in whose name half of the proceeds of that sale have been disbursed. In the Complaint, however, Plaintiff also requests compensatory damages based on Defendants' alleged violations of her due process and equal protection rights and intentional infliction of emotional distress, through condemning and selling the property, and further requests that Defendant Adkins be enjoined from future misconduct. Defendants have presented no argument that these claims cannot proceed without joining the purchasers of the property and Mr. Harmon.

The Third Circuit has observed that "the advisory committee note to Rule 19(a) indicates that the question of 'complete relief' may not denote final adjudications *of all claims* between the parties, so long as the relief actually afforded to the parties in the action is meaningful." *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1054 n.5 (3d Cir. 1988) (emphasis added). The Third Circuit has also noted that joinder is not necessary "'where, although certain forms of relief are unavailable due to a party's absence, meaningful relief can still be provided.'" *Sindia Expedition, Inc. v. Wrecked and Abandoned Vessel*, 895 F.2d 116, 121 (3d Cir. 1990) (quoting 3A Moore's Federal Practice ¶ 19.07-1[1], at 93-98 (2d ed. 1989)); *see also id.* at ¶ 19.03[2][d] ("The fact that the plaintiff may have to initiate other litigation in order to have relief from other, unjoined defendants does not violate the complete relief requirement.").

In confronting a motion to dismiss for failure to join a purportedly necessary party in somewhat analogous circumstances, another district court in this Circuit explained:

> Even assuming that the agreements to which Appalachian was a party cannot be rescinded by this court in its absence, it does not follow that "complete relief" cannot be awarded to plaintiff in the event that it prevails. Joinder is not mandated under Rule 19(a)(1) where, even though certain types of relief are unavailable due to a party's absence, other meaningful relief can be provided. *See* 3A Moore's Federal Practice para. 19.07 [2.-0], pp. 97-98 (1987). In addition to seeking rescission of the agreements, plaintiff in this case also seeks compensatory and punitive damages. Assuming that plaintiff ultimately prevails in this case, "meaningful" relief in the form of monetary damages could be rendered.

*Wood & Locker, Inc. v. Doran & Assocs.*, 708 F. Supp. 684, 690 (W.D. Pa. 1989).

Here, if Plaintiff prevails on her claims for damages, she could receive complete and meaningful relief as to *those* claims. Therefore, the purchasers of the property and Mr. Harmon do not constitute necessary parties for purposes of Rule 19. The claim seeking rescission of the Sheriff's sale will be dismissed under Rule 12(b)(7) because Plaintiff did not seek to join the purchasers and Mr. Harmon. The request to dismiss the claims for damages and claim for injunctive relief against Defendant Adkins pursuant to Rule 12(b)(7) will be denied.

### 2. *Younger* Abstention

Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). A *Younger* abstention analysis requires courts to first analyze whether the parallel state action falls within one of three "exceptional" categories: (1) ongoing criminal prosecutions, (2) "certain civil enforcement proceedings" which "are characteristically initiated to sanction the federal plaintiff . . . for some wrongful act," and (3) "civil proceedings involving certain orders uniquely in

9

furtherance of the state courts' ability to perform their judicial functions." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78-79 (2013).

In previously denying Defendants' request for abstention under *Younger*, this Court noted that Defendants had not addressed which of the three *Sprint* categories they contended encompassed monition actions. (D.I. 42 at 6-7). This Court likened monition actions to foreclosure actions and noted that "[c]ourts in this Circuit have declined to apply *Younger* abstention when the underlying action is a foreclosure action, absent a request to enjoin state proceedings because it does not fall into any of the three [*Sprint*] categories." (*Id.* at 7) (citing *Dowell v. Bayview Loan Servs.*, LLC, 2017 WL 9486188, at *10 (M.D. Pa. May 4, 2017)).

Defendants now argue that *Dowell*, the case upon which this Court relied for that proposition, is distinguishable because the underlying foreclosure action in *Dowell* was a purely civil action brought by one private party against another private party. The court in *Dowell* located the private foreclosure outside of the *Sprint* categories because it was not a state criminal prosecution, a civil enforcement proceeding that was quasi-criminal in nature, or a civil proceeding "involving matters 'uniquely in furtherance of the state courts' ability to perform their judicial functions.'" (D.I. 42 at 20-21) (quoting *Dowell*, 2017 WL 9486188, at *9-10).

Defendants argue that a state monition action "is different from a foreclosure action in every relevant aspect." (D.I. 88 at 21). Specifically, they contend:

> [U]nlike a foreclosure action brought by a private party, the monition action in this case was brought by a state actor as a sanction for failure to pay taxes and demolition expenses, after an investigation determined the property was not fit for human habitation. The [monition] action was specifically established by the state as a way to enforce tax levies, and

was further used here as a way of recouping the costs of enforcing its public safety function.

(*Id.*). For these reasons, Defendants assert that the Monition Action fits into both the second and third *Sprint* categories, *i.e.*, they argue that a Monition Action is a civil enforcement proceeding seeking to sanction Plaintiff for a wrongful act and a civil proceeding involving Superior Court orders issued uniquely in furtherance of the Superior Court's ability to perform its judicial functions.

Defendants' argument has merit as to Plaintiff's claims seeking rescission of the Sheriff's sale and an order enjoining Defendant Adkins from future unlawful conduct in the ongoing Monition Action. *See, e.g., Pervu v. City of Oneonta*, 2020 WL 1643392, at *5-6 (N.D.N.Y. Apr. 2, 2020).

The Third Circuit has observed, however, that, while "[t]he Supreme Court has never explicitly decided whether *Younger* abstention covers actions for damages as well as equitable relief," Supreme Court cases "seem to indicate that abstention under *Younger* principles is not proper when damages are sought." *Marran v. Marran*, 376 F.3d 143, 154-55 (3d Cir. 2004). An option available to this Court is to stay Plaintiff's claims for damages pending the outcome of the state court proceedings. *See Deakins v. Monaghan*, 484 U.S. 193, 202-03 (1988) (noting that a stay "allows a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists") (internal quotation omitted); *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 414 (3d Cir. 2005) (noting that "staying the federal damages claims would still be advisable in order to avoid friction between the federal and state courts," because "[i]mmediate adjudication of the damages claims in federal court could virtually nullify the ongoing

11

state proceeding, even if the land use appeal is limited to [the plaintiff]'s claims for injunctive and declaratory relief."). Here, the Superior Court stayed the proceedings pending the outcome of Plaintiff's federal suits, including the present action. This Court concludes that the Superior Court's stay in deference to this proceeding warrants against staying Plaintiff's federal claims for damages.

For these reasons, even if the claim for rescission of the Sheriff's sale was not dismissed under Rule 12(b)(7) for failure to join necessary and indispensable parties, the Court would abstain from hearing that claim under *Younger*, and the Court will abstain under *Younger* from hearing the claim for injunctive relief against Defendant Adkins.[4] The Court will not, however, abstain from hearing the claims for damages.

### B. Summary Judgment

Plaintiff's motion for summary judgment is premature. A scheduling order has not been entered and discovery has not yet commenced in a substantive way. Therefore, the motion will be dismissed without prejudice as premature.

### IV. CONCLUSION

For the above reasons, the Court will: (1) grant in part Defendants' motion to dismiss; (2) dismiss Plaintiff's claims seeking rescission of the Sheriff's sale and injunctive relief against Defendant Adkins; (3) grant Plaintiff's motion for leave to file an amended motion for summary judgment; (4) grant Plaintiff's motion for leave to amend the appendix; (5) dismiss as moot Defendants' motion for leave to file a reply brief out of time; and (6) dismiss as premature Plaintiff's motion for summary judgment.

---

[4] The claim for injunctive relief against Defendant Adkins might be moot, given that Adkins withdrew as counsel for Sussex County in the Monition Action in 2018 after this federal suit was filed. Civ. A. No. S18T-01-002 at BL-47.

A separate order shall issue.